UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00182-GNS-LLK

KSA ENTERPRISES, INC. et. al.                                                                PLAINTIFFS

v.

BRANCH BANKING & TRUST COMPANY                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Attorneys' Fees (DN 97). The motion is ripe for decision. For the reasons provided below, the motion is **GRANTED**.

### I.     BACKGROUND

The claims of Plaintiffs KSA Enterprises, Inc. and Pain Management Resources, PSC (collectively "Plaintiffs") arose from a series of business loans and the alleged conduct by Defendant Branch Banking & Trust Company ("BB&T") in connection with the banking relationship created by those loans. Plaintiffs brought the underlying action initially asserting claims for breach of contract, fraud, negligent misrepresentation, fraud in the inducement, unjust enrichment, and punitive damages against BB&T. (Compl. ¶¶ 39-69, DN 1). On September 23, 2015, this Court dismissed Plaintiffs' claims for breach of contract, negligent misrepresentation, and fraud in the inducement. (Mem. Op. & Order 15, DN 13). This Court granted summary judgment on Plaintiffs' remaining claims on September 5, 2017, and concurrently entered a judgment in BB&T's favor. (Mem. Op. & Order 21, DN 92; J. 1, DN 93). On January 14, 2019, the Sixth Circuit affirmed these rulings. *See KSA Enters., Inc v. Branch Banking & Tr. Co.*, 761 F. App'x 456 (6th Cir. 2019).

Each of the subject loan agreements contained an attorneys' fees provision providing, in relevant part:

> [I]n the event the Bank voluntarily or otherwise should become a party to any suit or legal proceeding . . . the Borrower and Guarantors agree to pay the reasonable attorneys' fees of the Bank . . . that may be incurred by the Bank. The Borrower and Guarantor shall be liable for such attorneys' fees and costs whether or not any suit or proceeding actually commenced.

(Def.'s Mot. Att'ys' Fees Ex. 2, at 5, DN 97-3; Def.'s Mot. Att'ys' Fees Ex. 3, at 5, DN 97-4; Def.'s Mot. Att'ys' Fees Ex. 4, at 5, DN 97-5; Def.'s Mot. Att'ys' Fees Ex. 5, at 5, DN 97-6; Def.'s Mot. Att'ys' Fees Ex. 6, at 5, DN 97-7). In light of these provisions and the judgment entered and affirmed in its favor, BB&T now moves to recover attorneys' fees in the amount of $335,042.64. (Def.'s Mem. Supp. Mot. Att'ys' Fees 6, DN 97-1 [hereinafter Def.'s Mem.]; Bailen Decl. ¶ 8, DN 114-1).[1] Plaintiffs respond that Kentucky law does not permit banks to recover attorneys' fees except where there has been a default or the bank sues to enforce a loan agreement or collect on the debt. (Pls.' Resp. Def.'s Mot. Att'ys' Fees 2, DN 101 [hereinafter Pl.'s Resp.]). In a similar vein, Plaintiffs also insist that the provision above only allows recovery of attorneys' fees if BB&T takes action to collect a debt or enforce the loan agreement after a default. (Pls.' Resp. 3)

## II.  JURISDICTION

The Court has jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## III.  DISCUSSION

The attorneys' fees provisions in the loan agreements entitle BB&T to reasonable attorneys' fees incurred by BB&T "in the event the Bank voluntarily or otherwise should become

---

[1] Plaintiffs originally estimated the total to be $275,405.19, but updated this amount after the judgment was affirmed on appeal. (Def.'s Mem. 6; Bailen Decl. ¶ 8).

a party to any suit or legal proceeding[,] . . . whether or not any suit or proceeding actually commenced." (Def.'s Mot. Att'ys' Fees Ex. 2, at 5; Def.'s Mot. Att'ys' Fees Ex. 3, at 5; Def.'s Mot. Att'ys' Fees Ex. 4, at 5; Def.'s Mot. Att'ys' Fees Ex. 5, at 5; Def.'s Mot. Att'ys' Fees Ex. 6, at 5). Plaintiffs' contention that the language of the loan agreements does not provide for attorneys' fees except upon default is without merit. BB&T clearly was made a party to this lawsuit—by Plaintiffs no less—which entitles BB&T to recover attorneys' fees under the explicit terms of the agreements.

Plaintiffs' other argument that a bank can only recover attorneys' fees when it sues to collect on a debt must likewise be rejected because, "[i]n Kentucky, a party can recover attorneys' fees when a specific contractual provision so provides." *Pharmacy Corp. of Am. v. Concord Healthcare Grp., LLC*, No. 3:17-CV-00037-GNS, 2017 WL 3623803, at *6-7 (W.D. Ky. Aug. 23, 2017) (citing *Aetna Cas. & Sur. Co. v. Kentucky*, 179 S.W.3d 830, 842 (Ky. 2005); *Secura Ins. Co. v. Gray Constr., Inc.*, 717 F. Supp. 2d 710, 722 (W.D. Ky. 2010)). The cases Plaintiff cites are inapposite.

In *DePriest v. Hardymon*, 209 F. App'x 525 (6th Cir. 2006), the Sixth Circuit interpreted contractual language between the parties in concluding that the defendant was entitled to recover only amounts expended in pursing its counterclaim under the subject note, as specified by the terms of the note. *Id.* at 529. Similarly, in *Adkins v. Chrysler Financial Corp.*, 344 F. App'x 144 (6th Cir. 2009), the Sixth Circuit focused on the language of the parties' agreement and found that, because "the words 'under this Agreement' limited Chrysler's right to attorneys' fees to those actions arising directly under the Security Agreement," attorneys' fees were not recoverable. *Id.* at 148. In *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network*, No. 06-141-HRW, 2007 WL 2903231 (E.D. Ky. Sept. 27, 2007), a sister court did not rule on attorneys' fees

at that time because that issue was premature. *Id.* at *9. Instead, the court specifically recognized that "a party can recover attorneys' fees when a specific contractual provision so provides," which is precisely what the agreements state in the present case. *Pharm. Corp.*, 2017 WL 3623803, at *6-7 (citations omitted). Accordingly, BB&T may recover attorneys' fees.

Having decided attorneys' fees are recoverable, the next task is to determine whether the amounts sought by BB&T are reasonable. *See Inn-Grp. Mgmt. Servs., Inc. v. Greer*, 71 S.W.3d 125, 130 (Ky. 2002); *see also Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991) ("The trial judge is generally in the best position to consider all relevant factors and require proof of reasonable from" the party seeking attorneys' fees . . . ."). An affidavit submitted by BB&T sets out the charges for their attorneys' work, as well as an invoice more specifically reflecting the tasks performed in this litigation and how long each task took. In this affidavit, Attorney Neal Bailen, a partner with the law firm of Stites & Harbison, asserts that $325,042.64 is reasonable for several reasons: Plaintiffs sought damages totaling nearly $5.45 million; discovery involved voluminous amounts of electronically stored information, including tens of thousands of pages of bank records, emails, and other documents spanning over ten-years-worth of material; expert-related work was required in discovery; the complexity of the evidence and legal issues involved; and the duration of the matter, which has been ongoing since September 2014. (Bailen Decl. ¶¶ 1, 9).

In light of these circumstances, the Court finds that the attorneys' fees requested are not unreasonable. Upon review of the affidavit and invoice, the rates charged by BB&T's attorneys range between $120 and $390 per hour. (Bailen Decl. ¶ 7). These hours rates are consistent with what other attorneys in the Western District of Kentucky charge for such complex litigation. *See EMW Women's Surgical Ctr. v. Bevin*, No. 3:17-CV-00189-GNS, 2018 U.S. Dist. LEXIS 208843,

at *23-24 (W.D. Ky. Sept. 28, 2018) (citing *Miller v. Davis*, 267 F. Supp. 3d 961, 995 (E.D. Ky. 2017); *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 U.S. Dist. LEXIS 62226, *6-11 (W.D. Ky. Apr. 25, 2017). Where Plaintiffs sought over $5 million in damages, BB&T's requested fees come in at just under 6% of the amount at stake in this litigation, which appears reasonable under these circumstances. *See Pharm. Corp.*, 2017 WL 3623803, at *5. Accordingly, the Court will grant BB&T's motion.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees (DN 97) is **GRANTED**, and Plaintiffs shall pay Defendant's attorneys' fees in the amount of $335,042.64.

This is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

August 28, 2019

cc: counsel of record